UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FVCBANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:20-cv-0586-TSE-IDD |
| ) | |
| OKLAND CONSTRUCTION COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26(A) and the Order entered by this Court on August 24, 2020, counsel of record for the parties submit this Joint Discovery Plan in advance of the Initial Pretrial Conference to be held on Wednesday, September 16, 2020 at 11:00 a.m.

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on September 9, 2020 to formulate this Joint Discovery Plan. Unless specifically noted otherwise, the parties agree as follows:

1. Conclusion of Discovery. Discovery will be concluded by January 22, 2021, as provided in the Court's Order.

2. Initial Disclosures. The parties will exchange initial disclosures under Rule 26(a)(1) on or before September 30, 2020. The parties agree to exchange non-confidential documents listed in their initial disclosures at the time of serving their respective initial disclosure. Confidential documents listed in initial disclosures will be exchanged after the entry of a protective order.

3. Claims, Defenses, and Settlement. The parties have conferred as to the nature and basis of their claims. The parties have discussed the potential for settlement in this matter and have agreed to re-address the issue once sufficient investigation has taken place to determine the

nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties are willing to consider Court-supervised mediation at an appropriate time, individually or collectively.

4. Discovery Schedule. The parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. Accordingly, all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cut-off date.

5. Service of Papers and Pleadings. All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court, whether or not served by other means. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

6. Discovery of Electronically Stored Information. Electronically stored information and documents shall be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. Documents produced in electronic form shall be produced in the format selected by the producing party, unless agreed otherwise by counsel before production or unless otherwise ordered by this Court.

7. Privileged or Protected Materials. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be

made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that communications between the parties and their counsel of record in this case do not need to be stated on any privilege log. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

      8. <u>Protective Orders.</u> Counsel for both parties agree to discuss entry of a stipulated protective order. The parties will work together to agree on a form for a Stipulated Protective Order consistent with the requirements of the Local Rules.

      9. <u>Expert Discovery.</u> The parties agree that expert discovery may be necessary. Plaintiff shall make their expert disclosures, if any, by December 1, 2020. Defendant shall make its expert disclosures, if any, by December 29, 2020. To the extent they are necessary, rebuttal disclosures are due January 12, 2021.

      10. <u>Subjects of Discovery.</u> The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The parties agree that any documents received in response to a subpoena to a third party will be provided to the other parties within ten business days.

      11. <u>Trial by Magistrate.</u> The parties do not consent to trial by Magistrate.

      12. <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations.</u> The parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on or before the Final Pretrial Conference. Objections to exhibits will be filed within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence.

The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

13. <u>Waiver of Appearance and Pretrial Conference.</u> The parties agree to waive their appearance at the Pretrial Conference on September 16, 2020, and request that the Court cancel such conference, if the Court approves this Joint Discovery Plan.

Respectfully submitted:

| | |
|---|---|
| /s/ Patrick J. McDonald | /s/ Monica S. Call |
| Edward W. Cameron (VSB #29448) | Monica S. Call |
| Patrick J. McDonald (VSB #80678) | VSB No. 68653 |
| Eric S. Waldman (VSB #90431) | STOEL RIVES LLP |
| CAMERON/McEVOY PLLC | 201 South Main Street, Suite 1100 |
| 4100 Monument Corner Drive, Suite 420 | Salt Lake City, UT 84111-4904 |
| Fairfax, Virginia 22030 | (801) 328-3231 |
| (703) 273-8898 | (801) 578-6999 (facsimile) |
| (703) 273-8897 (Facsimile) | monica.call@stoel.com |
| ecameron@cameronmcevoy.com | *Counsel for Defendant* |
| pmcdonald@cameronmcevoy.com | |
| ewaldman@cameronmcevoy.com | |
| *Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on September 9, 2020, I filed the foregoing using the Court's CM/ECF system, which sent a true and accurate copy to:

Monica S. Call, Esquire
VSB No. 68653
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111-4904
(801) 328-3231
(801) 578-6999 (facsimile)
monica.call@stoel.com
*Counsel for Defendant*

            /s/ Patrick J. McDonald
            Patrick J. McDonald (VSB #80678)
            CAMERON/McEVOY PLLC
            4100 Monument Corner Drive, Suite 420
            Fairfax, Virginia 22030
            (703) 273-8898
            (703) 273-8897 (Facsimile)
            pmcdonald@cameronmcevoy.com
            *Counsel for Plaintiff FVCbank*